UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM EARL SWEET,

      Petitioner,

v.                              Case No. 3:03-cv-844-J-20

JAMES CROSBY, JR.,

      Respondent.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner, a prisoner of the Florida penal system who is under a sentence of death, is proceeding in this action on a Petition (Doc. #1) for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on January 18, 2005. He challenges a 1991 state court (Duval County) conviction for first degree murder, attempted murder and burglary.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Motion for Summary Judgment (Doc. #26), filed May 13, 2005.

The one-year limitation period in Petitioner's case began to run on April 24, 1996. See Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999) ("For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective

date, i.e., April 24, 1996.") (citations omitted), cert. denied, 528 U.S. 1085 (2000). Accordingly, Petitioner should have filed this action on or before April 24, 1997, unless any periods of time can be excluded from this one-year grace period because Petitioner was pursuing a properly filed application for state post-conviction relief.

On the date the AEDPA was enacted, Petitioner's first motion for post-conviction relief was pending in state court. See Ex.[1] 39. Petitioner filed an amended motion for post-conviction relief on June 30, 1997. Id. The amended motion was denied on March 30, 2000. Ex. 40. Petitioner appealed, and on January 31, 2002, the Florida Supreme Court affirmed the trial court's order. Ex. 59. The mandate issued on March 4, 2002. Ex. 61.

On December 31, 2001, while the appeal of the order denying his motion for post-conviction relief was pending, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court. Ex. 56. The Florida Supreme Court denied the petition on June 13, 2002. Ex. 60. Thus, the one-year grace period began to run on June 14, 2002, and expired on June 14, 2003, unless any other applications for state post-conviction relief further tolled the one-year grace period.

---

[1] The Court hereinafter refers to the exhibits in support of the Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted (Doc. #21) (hereinafter Response) as "Ex."

On May 8, 2003, Petitioner filed a second motion for post-conviction relief in state court. Ex. 62. Petitioner filed an amended motion for post-conviction relief on November 21, 2003. Ex. 63. On February 11, 2004, the trial court denied the amended motion, concluding that it was untimely and facially insufficient. Ex. 65. In the alternative, the court denied Petitioner's motion on the basis that the Florida Supreme Court had repeatedly rejected the claim raised by Petitioner (that Florida's capital sentencing scheme is violative of Ring v. Arizona, 536 U.S. 584 (2002)). Id. Petitioner appealed, and on December 20, 2004, the Florida Supreme Court affirmed the trial court's order, stating the following:

> William Earl Sweet appeals the circuit court's order summarily denying his successive motion to vacate judgment and sentence wherein he challenges the validity of his death sentence under *Ring v. Arizona*, 536 U.S. 584, 153 L.Ed.2d 556, 122 S.Ct. 2428 (2002). The circuit court's order is hereby affirmed.

Ex. 69. The mandate issued on April 11, 2005.

Here, the trial court properly found that Petitioner's second motion for post-conviction relief was untimely. Rule 3.851(d)(1) of the Florida Rules of Criminal Procedure requires that a death-sentenced inmate file his motion for post-conviction relief within one year after his sentence becomes final. Rule 3.851(d)(2) of the Florida Rules of Criminal Procedure states that:

> No motion shall be filed or considered pursuant to this rule if filed beyond the time limitation provided in subdivision (d)(1) unless it alleges that

- 4 -

>     (A) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
>
>     (B) the fundamental constitutional right asserted was not established within the period provided for in subdivision (d)(1) and has been held to apply retroactively, or
>
>     (C) postconviction counsel, through neglect, failed to file the motion.

Because Ring has not been held to apply retroactively to cases that are final on direct review,[2] Petitioner could not claim that his second motion was timely filed pursuant to Fla. R. Crim. P. 3.851(d)(2)(B). Clearly, the other exceptions to the one-year limitation period under Fla. R. Crim. P. 3.851(d)(2)(A) and Fla. R. Crim. P. 3.851(d)(2)(C) were inapplicable in his case. Thus, the time in which the Petitioner's second motion for post-conviction relief and the appeal from the denial of his second motion for post-conviction relief were pending did not toll the federal one-year limitation period. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1811-12 (2005) (finding that when a post-conviction motion is untimely under state law, it is not "properly filed" and does not toll the federal one-year limitation period under the AEDPA). Accordingly, Petitioner's Petition, filed January 18, 2005, is

---

[2] See Schriro v. Summerlin, 124 S.Ct. 2519, 2526 (2004) ("Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review."); Johnson v. State, No. SC03-1042, 2005 WL 977017 (Fla. Apr 28, 2005) (per curiam) (finding that the decision in Ring does not apply retroactively to defendants whose convictions were final when the decision was rendered).

untimely because the federal one-year limitation period expired on June 14, 2003.

Petitioner appears to be arguing that the Respondents waived the affirmative defense of untimeliness because they did not raise the defense in their initial Response. See Petitioner's Response to State's Motion for Summary Judgment (Doc. #30), filed July 20, 2005. The Court does not find this argument to be persuasive. See Day v. Crosby, 391 F.3d 1192, 1194 (11th Cir. 2004) (per curiam) (citations omitted) ("In an ordinary civil case, a 'failure to plead the bar of the statute of limitations constitutes a waiver of the defense.' . . . But a habeas case that is governed by AEDPA is not controlled by this rule."), petition for cert. filed, 73 U.S.L.W. 3604 (U.S. Mar. 30, 2005) (No. 04-1324).

The Court finds Petitioner's remaining arguments opposing the dismissal of this case as untimely to be without merit. In sum, Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Accordingly, this Court will grant Respondents' Motion for Summary Judgment and dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. Respondents' Motion for Summary Judgment (Doc. #26) is **GRANTED**, and this case is **DISMISSED** with prejudice.

2. Petitioner's Motion to Hold Proceedings in Abeyance Pending Disposition of State Court Proceedings (Doc. #25) is **MOOT**.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _8_ day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 8/1
c:
D. Todd Doss, Esquire
Ass't Attorney General Meredith Charbula